Daniel, Judge,
after stating the case, proceeded as follows: — The first question arising in the case is, did the Judge act right in admitting the depositions fo^ be read in evidence? The deponents Moore and Young had no in. terest in this 'record, for, as they were no parties to it, it could never be Jpven in evidence for or against them. Neither could any actual loss or gain result to them simply and immediately from the verdict and judgment. But it is said, that if the witnesses are so situated that a legal right or liability, or discharge from liability would immediately result, they would be incompetent. Now it is enough to say in answer to this, that under our law it would be clearly competent for the plaintiffs to institute an action on the administration bond against the sureties separately from their principal, and ¡that upon such an action they could, in no way, either by plea or as evidence avail themselves of the judgment rendered against the plaintiffs in this case. ■ Not being parties nor privies to the record they could neither be bene- *93 fitted nor prejudiced by the judgment therein; — neither be •fixed with, nor discharged from any legal liability. In an action on a joint and several promissory note, if the action is against the principal, the surety is a witness either for the plaintiff or the defendant.; for if the surety be afterwards sued on the note, and the debt be recovered of him, he can again recover of his principal the debt, and costs. Byles on Bills of Exchange, 238, 237. So if Moore and Young were made liable on the bond, they could again recover the debt and costs against Barnett. We therefore think, they had not such an interest as to render them incompetent.
In an acti-andVeveral action is pjfncjpaf18 alonü| the be a wit-foifthetlier Pla>nt'ff °r defendant,
The charge of the Court as to pedigree, is not objedtiona-ble. To warrant the admission of declarations relating to . i i ° pedigree, it is essential, 1st, that the parties who made the declarations be proved to be dead: 2ndlv, that the declar-ants were likely to know the facts. The tradition must therefore be derived from persons so connected with the family, that it is natural and likely, from their domestic habits and connections, that they are speaking the truth, and that they could not be mistaken. 2 Starkie on Ev. 604, 605. We are of the opinion that the judgment must be affirmed.
Per Curiam. ' Judgment affirmed.